RAYMOND NARDO, Esq.
Attorney for Plaintiff
129 Third Street
Mineola, NY 11501
(516)248-2121


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

DAVID KLEINBERG,                           :

                      Plaintiff,    :

        -against-                         :       **COMPLAINT AND JURY DEMAND**

NEW YORK UNIVERSITY SCHOOL OF MEDICINE:

                      Defendant.    :

----------------------------------------X


## JURISDICTION AND VENUE

1. This action arises under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Section 621 et. seq. (ADEA). This Court has jurisdiction under 28 U.S.C. Sec. 1331, 28 U.S.C. Section 1343(4), and 29 U.S.C. Section 626(c)(1).

2. Venue is proper in the Southern District of New York according to 28 U.S.C. 1391 because the defendant corporation conducts business there, the events occurred there, and plaintiff resides there.

## THE PARTIES

3. Plaintiff is a 70 year old male who currently works for defendant.

4. At all relevant times herein, plaintiff resided in the City, County and State of New York.

5. Defendant New York University School of Medicine is a corporation duly licensed to conduct business in the State of New York and located within the Southern District of New York, with its principal place of business located at 530 First Avenue, New York, NY 10016.

6. Defendant New York University School of Medicine employs 20 or more employees, engages in an industry affecting

commerce, and is an "employer" under the ADEA.

7. Defendant New York University School of Medicine employs 500 or more employees.

8. Defendant New York University School of Medicine employs at least four employees and is an "employer" under the New York State Human Rights Law.

9. Defendant New York University School of Medicine employs at least four employees and is an "employer" under the New York City Human Rights Law.

## ADMINISTRATIVE INFORMATION

10. Plaintiff filed a charge of discrimination before the New York State Division of Human Rights on or about March 6, 2007, and this charge was simultaneously filed with the EEOC.

11. The EEOC issued a Notice of Right to Sue letter on October 16, 2007.

12. Plaintiff received a right to sue letter from the EEOC on or about October 17, 2007.

13. Plaintiff commenced this action within 90 days of receipt of the right to sue letter.

## COUNT I.

14. Plaintiff repeats realleges and reincorporates all prior allegations as though fully set forth herein.

15. Plaintiff has been employed as a full-time faculty member of the New York University School of Medicine ("NYU SOM") in 1973, when plaintiff was hired as an Assistant Professor of Medicine. Plaintiff was also employed by the Veteran's Administration, a teaching hospital operated by New York University.

16. In 2002, plaintiff retired from the Veteran's Administration, and the NYU SOM increased plaintiff's salary.

17. Plaintiff's practice specialty is Endocrinology, and most of plaintiff's employment with the NYU SOM consists of research into the pituitary gland and its relationship to the breast and prostate.

18. Plaintiff's research is funded by grants that plaintiff secures from the National Institute of Health, the Department of Defense, and major pharmaceutical companies. The grants secured by the plaintiff are the source of funding for all

expenses related to plaintiff's research, including the salaries and fringe benefits of plaintiff and his staff.

19. Plaintiff further provides the laboratory and office space for himself and his staff through his retirement agreement with the Veterans' Administration. Despite the lack of cost to the NYU SOM, 30%-70% of all grant money secured by plaintiff is taken by the NYU SOM as "overhead".

20. In or about 2005, plaintiff's supervisor, Martin J. Blaser, M.D., the Chairman of the Department of Medicine, began making very negative and discriminatory comments to plaintiff.

21. On or about October 28, 2005, Dr. Blaser informed plaintiff that he was decreasing plaintiff's salary and that he would continue to decrease plaintiff's salary, claiming that plaintiff did not need a salary because he received a retirement pension from the Veteran's Administration.

22. Plaintiff told Dr. Blaser that his retirement status with the Veterans' Administration was not relevant, and that Dr. Blaser's consideration of that factor constituted age discrimination.

23. On or about June 29, 2006, Dr. Blaser informed plaintiff that his salary would be reduced by $30,000 in August 2006.

24. In or about the summer of 2006, Dr. Blaser threatened plaintiff with further decreases to his salary. Plaintiff responded to these threats by writing a letter to Dr. Blaser, asserting how the NYU SOM's overhead assessments were unfair and documenting Dr. Blaser's comments about his salary and retirement status. Plaintiff once again claimed that Dr. Blaser was discriminating against him based upon his age.

25. In or about December 2006, plaintiff encountered Dr. Blaser on the street near the Veteran's Administration hospital and greeted him. Dr. Blaser told plaintiff that he would shut down plaintiff's research program and fire all of plaintiff's researchers.

26. Subsequent to this street encounter, plaintiff and Dr. Blaser had a meeting. At this meeting, plaintiff asked Dr. Blaser why he had not responded to his letters. Dr. Blaser responded, "Because the letter accused me of age discrimination and you hired a lawyer."

27. After the conclusion of this meeting, plaintiff met with Dr. Glickman, the Dean of the NYU SOM. Plaintiff explained the situation to Dr. Glickman, who advised plaintiff to

speak with Dr. Blaser again.

28. On or about January 5, 2007, plaintiff met with Dr. Blaser again as per the Dean's suggestion. Dr. Blaser asked plaintiff "why should I spend $500,000 on your research when I can fund several 'new' researchers with that money?" Plaintiff told Dr. Blaser that he thought that statement was also age discrimination.

29. On or about March 8, 2007, the NYU SOM laid off three plaintiff's staff and, by doing so, attempted to shut down his laboratory.

30. Upon information and belief, defendant has and continues to engage in a pattern and practice of terminating, demoting and transferring employees over the age of 40.

31. Defendant committed a series of adverse employment actions against plaintiff on the basis of his age in violation of the ADEA, causing plaintiff economic and non-economic damages.

32. Plaintiff intended to continue his research work at the NYU SOM, and moreover, plaintiff had secured research grants to cover all of the costs incident thereto.

33. Defendant's discrimination against plaintiff was intentional, willful and/or in reckless disregard of the ADEA.

34. As a proximate result of the foregoing, plaintiff has been denied employment opportunities; has lost wages, benefits; and has incurred damages thereby.

## COUNT II

35. Plaintiff repeats, realleges and reincorporates all prior allegations as though fully set forth herein.

36. Defendants retaliated against plaintiff by taking adverse actions against him in violation of the ADEA, which caused economic damages, emotional damage, anxiety, stress, pain and suffering. Defendant acted with malice and reckless disregard of plaintiff's statutory rights under the ADEA.

## COUNT III.

37. Plaintiff repeats, realleges and reincorporates all prior allegations as though fully set forth herein.

38. This Court has supplemental jurisdiction over State Law claims under 28 U.S.C. § 1367.

      39.  Plaintiff was discriminated against on the basis of his age in violation of the New York State Human Rights Law, which caused economic damages, emotional damage, anxiety, stress, pain and suffering.

COUNT IV.

      40.  Plaintiff repeats realleges and reincorporates all prior allegations as though fully set forth herein.

      41. Defendants retaliated against plaintiff by taking adverse actions against him after he complained of discrimination in violation of the New York State Human Rights Law, which caused economic damages, emotional damage, anxiety, stress, pain and suffering.

COUNT V.

      42. Plaintiff repeats, realleges and reincorporates all prior allegations as though fully set forth herein.

      43.  Plaintiff was discriminated against on the basis of his age in violation of the New York City Human Rights Law, which caused economic damages, emotional damage, anxiety, stress, pain and suffering.

COUNT VI.

      44. Plaintiff repeats realleges and reincorporates all prior allegations as though fully set forth herein.

      45. Defendants retaliated against plaintiff by taking adverse actions against him after he complained of discrimination in violation of the New York City Human Rights Law, which caused economic damages, emotional damage, anxiety, stress, pain and suffering.

JURY DEMAND

      46.  The plaintiff demands trial by jury.

WHEREFORE, the plaintiff demands judgment against the defendant and prays:

    (a)  That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, retirement benefits, stock options, vacation, personal, sick and accrued leave, which amounts are to be determined at trial, as well as pre-judgment interest, and liquidated damages (29 U.S.C. Section 626(b)) for defendant's willful violation of the ADEA;

    (b) That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, retirement benefits, stock options, vacation, personal, sick and accrued leave, which amounts are to be determined at trial, as well as pre-judgment interest, and liquidated damages (29 U.S.C. Section 626(b)) for defendant's willful unlawful retaliation against plaintiff in violation of the ADEA;

    (c) That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, retirement benefits, stock options, vacation, personal, sick and accrued leave, which amounts are to be determined at trial, as well as compensatory damages, pre-judgment interest for defendants' willful unlawful discrimination against the plaintiff in violation of the New York State Human Rights Law;

    (d) That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, retirement benefits, stock options, vacation, personal, sick and accrued leave, which amounts are to be determined at trial, as well as compensatory damages, pre-judgment interest for defendants' willful unlawful retaliation against the plaintiff in violation of the New York State Human Rights Law;

    (e) That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, retirement benefits, stock options, vacation, personal, sick and accrued leave, which amounts are to be determined at trial, as well as compensatory damages, pre-judgment interest for defendants' willful unlawful discrimination against the plaintiff in violation of the New York City Human Rights Law;

    (f) That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, retirement benefits, stock options, vacation, personal, sick and accrued leave, which amounts are to be determined at trial, as well as compensatory damages, pre-judgment interest for defendants' willful unlawful retaliation against the plaintiff in violation of the New York City Human Rights Law;

    (g) That this court order defendant to restore plaintiff to his former position with full seniority, status, salary increments, bonuses and benefits, to the same extent that he would have received but for defendant's unlawful conduct;

    (h) That this court award the plaintiff attorney's fees, disbursements, and costs pursuant to the ADEA;

     (i)  That this court award the plaintiff such other and further relief as may be just and equitable.

Dated:    Mineola, New York
           January 16, 2008

                                      Yours, etc.,

                                      _____
                                    Raymond Nardo, Esq. (4773)
                                    Attorney for Plaintiff
                                    129 Third Street
                                    Mineola, NY 11501
                                    (516)248-2121