NANCY KILSON, ESQ.
NEW YORK UNIVERSITY
OFFICE OF LEGAL COUNSEL
70 Washington Square South, 11th Floor
New York, New York 10012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

DAVID KLEINBERG,                                                   08 CV 315 (MGC)

        Plaintiff,
                                                             **Answer**

        v.

NEW YORK UNIVERSITY SCHOOL
OF MEDICINE,

        Defendant.
_____

        Defendant, the New York University School of Medicine ("Defendant" or the "SoM"), for its answer to the complaint in this action, alleges as follows:

        1.      States that paragraph 1 of the complaint states legal conclusions to which no responsive pleading is required, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

        2.      States that paragraph 2 of the complaint states a legal conclusion to which no responsive pleading is required, and otherwise denies the allegations of paragraph 2, except admits that the SoM, which is not a legal entity, conducts business in the Southern District of New York.

        3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, except denies that the plaintiff, David Kleinberg, M.D.

("Kleinberg") is a current employee of the SoM, as the SoM is not a legal entity, and as such it has no employees.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the complaint.

5. Denies the allegations of paragraph 5 of the complaint.

6. Denies the allegations of paragraph 6 of the complaint.

7. Denies the allegations of paragraph 7 of the complaint.

8. Denies the allegations of paragraph 8 of the complaint.

9. Denies the allegations of paragraph 9 of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the complaint, except admits that Kleinberg filed a charge of discrimination with the EEOC on or about March 6, 2007.

11. Admits the allegations of paragraph 11 of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the complaint.

13. Admits the allegations of paragraph 13 of the complaint.

14. Responding to paragraph 14 of the complaint, Defendant repeats and realleges its responses to paragraphs 1 through 13 as if fully set forth here.

15. Denies the allegations of paragraph 15 of the complaint, except admits that Kleinberg has been a faculty member of NYU since 1973 in the Department of Medicine, and denies knowledge or information sufficient to form a belief as to Kleinberg's employment status with the Veteran's Administration.

16. Denies the allegations of paragraph 16 of the complaint, except denies knowledge or information sufficient to form a belief as to Kleinberg's alleged retirement from the Veteran's Administration.

17. Admits the allegations of paragraph 17, except denies that the SoM, which is not a legal entity, is Kleinberg's employer.

18. Denies the allegations of paragraph 18, and avers that Kleinberg has financed his research only in part from the specified sources, and in part by incurring substantial deficits which he has expected New York University to cover.

19. Denies knowledge or information as to the truth of the allegations of paragraph 19 to the extent they relate to the Veterans' Administration, and otherwise denies the allegations of paragraph 19.

20. Denies the allegations of paragraph 20 of the complaint.

21. Denies the allegations of paragraph 21 of the complaint, except admits that Dr. Blaser told Kleinberg that NYU would reduce Kleinberg's salary, because Kleinberg had previously agreed in writing that NYU would be entitled to reduce his salary if, as proved to be the case, his sources of external funding became unavailable or diminished.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the complaint.

23. Denies the allegations of paragraph 23 of the complaint.

24. Denies the allegations of paragraph 24 of the complaint, except refers to the cited correspondence for a true and accurate statement of its contents, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Kleinberg's verbal statements to Dr. Blaser.

25. Denies the allegations of paragraph 25 of the complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the complaint, except denies that Dr. Blaser made the statement Kleinberg attributes to him.

29. Denies the allegations of paragraph 29 of the complaint.

30. Denies the allegations of paragraph 30 of the complaint.

31. Denies the allegations of paragraph 31 of the complaint.

32. Denies the allegations of paragraph 32 of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Kleinberg's intentions.

33. Denies the allegations of paragraph 33 of the complaint.

34. Denies the allegations of paragraph 34 of the complaint.

35. Responding to paragraph 35 of the complaint, Defendant repeats and realleges its responses to paragraphs 1 through 34 as if fully set forth here.

36. Denies the allegations of paragraph 36 of the complaint.

37. Responding to paragraph 37 of the complaint, Defendant repeats and realleges its responses to paragraphs 1 through 36 as if fully set forth here.

38. States that paragraph 38 of the complaint contains a legal conclusion as to which no responsive pleading is required, and otherwise denies the allegations of paragraph 38.

39. Denies the allegations of paragraph 39 of the complaint.

40. Responding to paragraph 40 of the complaint, Defendant repeats and realleges its responses to paragraphs 1 through 39 as if fully set forth here.

41. Denies the allegations of paragraph 41 of the complaint.

42. Responding to paragraph 42 of the complaint, Defendant repeats and realleges its responses to paragraphs 1 through 41 as if fully set forth here.

43. Denies the allegations of paragraph 43 of the complaint.

44. Responding to paragraph 44 of the complaint, Defendant repeats and realleges its responses to paragraphs 1 through 43 as if fully set forth here.

45. Denies the allegations of paragraph 45 of the complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the complaint.

## FIRST AFFIRMATIVE DEFENSE

47. The named Defendant, the SoM, is not a legal entity, has no capacity to be sued, and is not properly a party to this action.

## SECOND AFFIRMATIVE DEFENSE

48. The complaint fails to state a claim on which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

49.     The actions of which Kleinberg complains are not the result of any unlawful discrimination, but rather result from the lawful conduct of New York University in acting to prevent uncontrolled deficit spending in its research laboratories.

**FOURTH AFFIRMATIVE DEFENSE**

50.     Reasonable factors other than age account for the actions of which Kleinberg complains.

**FIFTH AFFIRMATIVE DEFENSE**

51.     Kleinberg has no retaliation claim, because NYU began making concerted efforts to induce him to address and resolve the problems resulting from his deficit spending years before he made any suggestion that he was a victim of age discrimination.

**SIXTH AFFIRMATIVE DEFENSE**

52.     Kleinberg specifically agreed in writing on or about February 14, 2002 that NYU was entitled to reduce his salary to $66,663 if, as proved to be the case, he was unable to obtain funding from external sources or that funding diminished.

**SEVENTH AFFIRMATIVE DEFENSE**

53.     In light of the written agreement referred to in paragraph 52, Kleinberg has waived the right to assert that NYU was not entitled to reduce his salary after he failed to find sufficient funding from external sources.

**EIGHTH AFFIRMATIVE DEFENSE**

54.     Kleinberg has no damages, and has not lost and therefore has no entitlement to recover in this action any backpay, frontpay, health insurance, life

insurance, deferred compensation benefits, retirement benefits, stock options, vacation, personal leave, sick leave, accrued leave, pre-judgment interest, liquidated damages, seniority, status, bonuses or other benefits.

WHEREFORE, Defendant demands judgment dismissing the complaint, together with the costs, disbursements and attorney's fees incurred by reason of this action, and such other and further relief as is just and proper.

Dated:   New York, New York
         May 27, 2008

                                              Yours, etc.

                                              NEW YORK UNIVERSITY OFFICE OF
                                                  LEGAL COUNSEL

By:   /s Nancy Kilson
      NANCY KILSON (NK 4557)
      Associate General Counsel
      70 Washington Square South, 11th floor
      New York, New York 10012
      (212) 998-2258

To:   Raymond Nardo, Esq.
      Attorney for Plaintiff
      129 Third Street
      Mineola, New York 11501

<u>Certificate of Service</u>

I hereby certify that on May 27, 2008, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of New York by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                                s/ <u>Nancy Kilson</u>